UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ROBERTA RUE** | : | **DOCKET NO. 6:22-cv-04007** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **DOVER BAY SPECIALTY INSURANCE CO., ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed by defendants Dover Bay Specialty Insurance Company, State Farm Fire & Casualty Company, and State Farm General Insurance Company. Doc. 9. Plaintiff did not file an opposition to the motion, so the court will consider it unopposed.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated, **IT IS RECOMMENDED** that the motion be **DENIED**.

## I.
### BACKGROUND

This case arises from damage to plaintiff's property in Lafayette, Louisiana, allegedly caused by Hurricane Laura on August 27, 2020. Doc. 1. Attorneys formerly associated with the law firm McClenny Moseley & Associates, PLLC ("MMA") filed this lawsuit in plaintiff's name in this court on August 24, 2022, raising state-law claims of breach of insurance contract and bad faith against defendants. Doc. 1.

In this and 40 other similarly situated suits, defendants State Farm Fire and Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance

Company, and Dover Bay Specialty Insurance Company filed a single motion alleging that dismissal was warranted in all of the listed cases because plaintiffs did not give MMA authority to file suit on their behalf.[1] Doc. 9, att. 1, p. 2. Plaintiff then became a *pro se* litigant by operation of an order of this court styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order"). Doc. 16. The Termination Order ordered plaintiff to, on or before November 24, 2023, file a response to defendants' motion to dismiss. *Id.* Plaintiff failed to file the response. New counsel subsequently enrolled [doc. 19][2] but has not attempted to respond to the defendants' motion.

## II.
### LAW AND ANALYSIS

The court is faced with the very serious allegation that the law firm that filed this suit on plaintiff's behalf had no authority to do so, and the court has treated that allegation with the seriousness it deserves by setting various show cause hearings and status conferences in numerous cases, which the court declines to enumerate here. But the motion in which this allegation appears is a motion to dismiss and, aside from arguing that the lawsuit is a nullity, it does not provide the court with any citation to authority that would allow the court to dismiss the case at the pleadings stage. This court's Local Rules require that a memorandum in support of a motion to dismiss cite to the legal authorities that support granting the relief sought. W.D. La. Loc. Civ. R. 7.4. However, defendants do not explicitly state which rule from the Federal Rules of Civil Procedure would require dismissal of the allegedly unauthorized claims, and the court will not make assumptions as to defendants' intentions.

---

[1] Movant State Farm Mutual Automobile Insurance Company is not a party to this suit.

[2] The Electronic Order [doc. 19] granting new counsel's Motion to Enroll [doc. 18] states that due to the enrollment, the court will not recommend dismissal for failure to prosecute as previously indicated at a November 30, 2023, status conference in this matter, but that order did not address the unresolved motion currently before the undersigned.

Further, the provisions of the frequently cited Rule 12(b)(6) do not allow the court's inquiry to stray beyond the pleadings in normal circumstances. Here the court is presented with an affidavit that was not made part of the pleadings. In short, defendants do not provide citations sufficient to convince the court that MMA's alleged lack of authority to file suit is properly handled by a motion to dismiss,[3] rather than a motion for summary judgment.[4] Given the constraints on our consideration of motions to dismiss, the court is bound to recommend that the motion be denied.

### III.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 9] be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

---

[3] Furthermore, the court finds the argument about lack of authority is no longer relevant in this case because new counsel has enrolled on plaintiff's behalf, indicating plaintiff's intent to go forward with this lawsuit and thus ratifying MMA's filing of this lawsuit (if such filing was truly made without authority). *See* La. Civ. Code art. 1843.

[4] The only federal-law authority cited in support of granting dismissal is a citation to *Franatovich v. Allied Trust Insurance Company*. Doc. 9, att. 1, pp. 4–5 (citing Minute Entry, Order and Recommendation, No. 22-2552, p. 3 (E.D. La. Feb. 1, 2023)). That case is not binding on this court. Furthermore, the cited order dismisses a case *sua sponte* without citing any legal authority that would support defendants' motion to dismiss for the law firm's lack of authority to file suit.

THUS DONE AND SIGNED in Chambers this 12th day of March, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE